Donna M. DAVIS and William J.
Shapiro, Appellants,

v.

E. Richard BRENNEMAN, Respondent.

No. WD 36579.

Missouri Court of Appeals,
Western District.

Oct. 8, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 3, 1985.

Application to Transfer Denied
Jan. 15, 1986.

Jeffrey R. Marcus and Christopher E.
Atteberry, Davis & Marcus, Kansas City,
for apellants.

Richard N. Ward, City Atty., Heather
Brown, Asst. City Atty., Kansas City, for
respondent.

Before SHANGLER, P.J., and TUR-
NAGE and BERREY, JJ.

TURNAGE, Judge.

Donna M. Davis and William J. Shapiro
sought a writ of mandamus to compel the
City Clerk of Kansas City to accept a sup-
plemental notice of intent to cause refer-
endum petitions to be circulated concerning
a rezoning ordinance. The court dismissed
the petition, and on appeal Davis and Shapi-
ro contend that the Kansas City Charter
allows the filing of a supplemental notice if
the original notice is found to be insuffi-
cient. Affirmed.

On July 5, 1984, the City Council of Kan-
sas City passed an ordinance rezoning cer-
tain property. Pursuant to Art. II, § 15 of
the City Charter, Davis and Shapiro filed
with the City Clerk a notice of intention to
cause referendum petitions to be circulated
with reference to the rezoning ordinance.
Section 15 requires the notice to be signed
by 100 registered voters of the city. On
receipt of the notice signed by 111 persons,
the City Clerk submitted the notice to the
Election Board. The Board thereafter noti-
fied the City Clerk that the notice con-
tained the signatures of 92 registered vot-
ers.

On July 20, 1984, the City Clerk notified
Davis and Shapiro that the notice was not
signed by 100 registered voters and was
therefore insufficient. On July 27, Davis
and Shapiro submitted to the Clerk a sup-
plementary notice containing the signa-
tures of nine persons. The Clerk refused
to file the supplementary notice on the
grounds that no provisions in the Charter
allow such a notice to be filed.

Davis and Shapiro filed their petition for
mandamus alleging that Art. XVII, § 444
of the Charter allows the supplementary
notice and seeking to compel the City Clerk

to accept the supplementary notice. Davis and Shapiro make the same contention on appeal.

Art. II, § 15 of the Charter provides that ordinances, other than emergency measures, shall take effect ten days after the date of passage unless, within ten days after the date of passage, there is filed with the City Clerk a notice signed by not less than one hundred registered voters of the city stating their intention to cause referendum petitions to be circulated. In the event such notice is filed, the ordinance does not take effect until forty days after its passage subject to the provision relating to the referendum.

Art. XVII, § 430 provides that any ordinance except emergency measures shall be subject to referendum. That section further provides that:

If within forty (40) days after the passage of any such ordinance, and subject to the provisions as to notice required by section 15 of this charter, a petition signed by electors equal in number to at least ten per cent (10%) of the total vote cast for candidates for the office of mayor at the last preceding regular municipal election be filed with the city clerk, requesting that the ordinance or any part thereof be repealed or submitted to a vote of the electors, it shall not take effect until the steps herein indicated have been taken.

Davis and Shapiro contend that because § 430 mentions the notice required by § 15, § 15 was thereby incorporated by reference into § 430 and all of the other sections setting forth the requirements for referendum petitions. The argument continues that by this method the provisions of Art. XVII, § 444 become applicable to the § 15 notice requirement. Section 444 provides that if a referendum petition is found to be insufficient the committee of petitioners may, within ten days after the making of the certificate of insufficiency by the City Clerk, file a supplementary petition.

Davis and Shapiro thus contend that by § 444 they had ten days in which to file a supplementary notice of their intention to cause referendum petitions to be circulated in order to bring the original notice up to the required one hundred signatures of registered voters.

The flaw in this contention is that § 15 has not been incorporated by reference into the provisions relating to referendum petitions. *Black's Law Dictionary* 690 (5th ed. 1979) defines "incorporation by reference" as:

The method of making one document of any kind become a part of another separate document by referring to the former in the latter, and declaring that the former shall be taken and considered as a part of the latter the same as if it were fully set out therein.

It is apparent that § 430 does not incorporate § 15 by reference. There is no statement in § 430 that § 15 is to become a part of it. Rather, the only mention of § 15 in § 430 is the statement that the notice required by § 15 must be complied with before the effective date of the ordinance is postponed forty days. There is no indication that § 15 is to be made a part of § 430, and the sections relating to referendums make no other reference to § 15. Thus the provisions of § 15 have not been incorporated into § 430 or § 444.

In fact, for the argument of Davis and Shapiro to be effective, the provisions of §§ 430 and 444 would have to be incorporated into § 15. This is the only way a supplementary notice could be authorized. Simply incorporating § 15 into §§ 430 and 444 would not accomplish the result Davis and Shapiro seek. There is no mention of §§ 430 and 444 being incorporated into § 15 in the Charter and no argument is made that such is the case.

Davis and Shapiro rely on *Winterowd v. Brenneman*, 636 S.W.2d 170 (Mo.App. 1982). However, that case dealt with referendum petitions which are the subject of §§ 430 and 444. Since the present case deals only with the § 15 notice provision, *Winterowd* does not apply.

Davis and Shapiro make no argument that the Charter contains any express pro-

vision allowing a supplemental notice under § 15 to be filed. Since there is no express provision allowing a supplemental notice, and no authority by implication exists, this court must hold that if the notice under § 15 is found to be insufficient, no further notice may be filed after the ten day period has lapsed.[1]

The petition for mandamus did not state facts showing the petitioners to be entitled to relief and the court correctly dismissed it.

All concur.

---

1. This case does not present the question of whether or not a supplemental notice could be filed within ten days following passage of an

ordinance and no opinion on this question is expressed.